UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WHAM-O Holding, LTD and Intersport Corp.,

Plaintiffs,

-against-

The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A,

Defendants.

26-cv-3573 (AS)

OPINION AND ORDER

ARUN SUBRAMANIAN, United States District Judge:

This is a trademark suit brought by toymaker Wham-O, the owner of the registered mark "HULA-HOOP," against a group of anonymous online sellers using that term to market their competing plastic toy hoops. The Court previously denied Wham-O's motion for a temporary restraining order (TRO) without prejudice, because Wham-O didn't "carry its burden of showing that it's likely to succeed in showing that its mark is more than generic," especially given the "extraordinary relief" it was seeking. Dkt. 18 at 2–3. The Court invited Wham-O to "file additional supporting materials and another motion if it believes that it can satisfy that standard." *Id.* at 3. On June 19, 2026, Wham-O did so. Dkt. 20. Because the renewed application fails to address the deficiencies in the prior application, Wham-O's motion for a TRO is denied.

For the most part, Wham-O makes new arguments, rather than providing new evidence. Its main argument is that it is improper to deny the TRO based on concerns about genericness, since it is not Wham-O's burden to show that its mark is *not* generic. Wham-O is correct that because HULA-HOOP is federally registered, defendants bear "the burden of overcoming the presumption that the mark is not generic." *Reese Publ'g Co. v. Hampton Int'l Commc'ns, Inc.*, 620 F.2d 7, 11 (2d Cir. 1980). But that is not the only burden relevant here. To obtain preliminary injunctive relief, Wham-O must make a "clear showing" that it is entitled to such an "extraordinary remedy." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). That includes showing that it is likely to succeed on the merits, which requires considering affirmative defenses supported by the record. *See NXIVM Corp. v. Ross Inst.*, 364 F.3d 471, 477 (2d Cir. 2004) (affirming denial of preliminary injunction because "the doctrine of fair use . . . defeats any likelihood of plaintiffs' success on the merits"). That inquiry does not shift defendants' burden or strip the registration of its presumption of validity.

In a normal case, defendants would be here opposing Wham-O's motion and raising those defenses themselves. But Wham-O brings this application ex parte and under seal, so defendants

have not even received notice of the suit. Under these circumstances, the Court may consider "affirmative defenses available to the defendant[s], especially when they have obvious merit and their applicability is evident from the face of the complaint." *Romanova v. Amilus Inc.*, 138 F.4th 104, 121 (2d Cir. 2025). This is true even where a defendant has received notice and defaulted, *see id.*, and applies with even greater force where, as here, defendants have no idea they've even been sued. Wham-O, by contrast, has had notice of the Court's concerns and an opportunity to respond.

Wham-O's renewed application does not allay those concerns. Incontestability does not resolve them, because even "[a]n incontestable mark that becomes generic may be canceled at any time." *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 195 (1985). And the defendants' listings still suggest that "hula hoop" names the product itself: they describe a "Weighted Hula Hoop," a "Weighted Soft Fitness Hula Hoop," and a "Spring Soft Hula Hoop," distinguishing the products by their weight, softness, and construction. Dkt. 14 at 4–6. That is consistent with generic use. *See Abercrombie & Fitch Co. v. Hunting World, Inc.*, 537 F.2d 4, 9 (2d Cir. 1976) (defining a generic term as one referring to "the genus of which the particular product is a species"). So is the fact that the Oxford Dictionary lists "hula hoop" as a noun, defined as "a large plastic ring that you spin around your waist by moving your hips." Oxford Advanced American Dictionary, https://www.oxfordlearnersdictionaries.com/us/definition/american_english/hula-hoop (last visited September 18, 2026). As Wham-O points out, the dictionary acknowledges the trademark as well, with the parenthetical: "(*US English* Hula-Hoop™)." *Id.* But on balance, the dictionary entry supports genericness.[1]

Nor does it help Wham-O to emphasize that the Court has only "a preliminary record consisting principally of screenshots of defendants' unauthorized marketplace listings." Dkt. 20 at 4. Wham-O assembled that record to obtain extraordinary relief before defendants could be heard, and its limits do not excuse the "clear showing" required for that relief. *Winter*, 555 U.S. at 22. Wham-O cannot bootstrap its way into an ex parte TRO by assembling a sparse record then pointing out that it is too threadbare to support a finding of genericness.

Wham-O's principal new support is the history of three cancellation proceedings before the Trademark Trial and Appeal Board (TTAB), in which its registration survived challenges where genericness was raised. As Wham-O concedes, those proceedings do not preclude these defendants from raising that defense. But more importantly, the Board did not analyze—much less decide—the genericness issue in any of those cases. *See Manley Toys Ltd. v. Wham-O, Inc.*, No. 92049760, Dkt. 16, at 1 (T.T.A.B. Feb. 1, 2011) (dismissing with prejudice "[i]n view of the stipulation filed January 18, 2011"); *Seroussi v. Wham-O Holding, Ltd.*, No. 92077035, Dkt. 9, at 1 (T.T.A.B. July 9, 2021) (granting Wham-O's motion to dismiss "as conceded"); *Yuduxian Songyun Shangmao*

[1] It's also worth noting that none of the defendants' listings use a hyphen in the title of their goods, and most of their listings use lowercase letters. Even if "Hula-Hoop" remained a valid trademark, "hula hoop" might be generic. *See King-Seeley Thermos Co. v. Aladdin Indus., Inc.*, 321 F.2d 577, 581 (2d Cir. 1963) (allowing competitors to use generic "thermos," subject to conditions including lowercase lettering, while preserving the owner's rights in its "Thermos" trademarks).

*Co. v. Wham-O Holding Ltd.*, No. 92082174, Dkt. 6, at 1 (T.T.A.B. July 26, 2023) (denying cancellation with prejudice because "[p]etitioner filed a withdrawal of the petition to cancel with prejudice"). So even the persuasive value of those proceedings is very limited.

In sum, Wham-O's renewed motion still fails to show a likelihood of success given the evidence of genericness in this record. The case can proceed, Wham-O can offer additional evidence, and defendants may ultimately fail to carry their burden. But the Court remains unconvinced that Wham-O has made the showing necessary to obtain an ex parte TRO now. The renewed motion is denied.

SO ORDERED.

Dated: September 18, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge