UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WHAM-O Holding, LTD and Intersport Corp.,
Plaintiffs,

-against-

The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A,
Defendants.

26-CV-3573 (AS)

ORDER

ARUN SUBRAMANIAN, United States District Judge:

The Court's October 16, 2026 Order to Show Cause is DISCHARGED. Plaintiffs' request for an extension of the service deadline to **January 29, 2027** is GRANTED, with leave to seek additional time if necessary.

However, Plaintiffs' request that the Court authorize electronic service of process is DENIED at this time. The Hague Service Convention generally prohibits email service on China-based Defendants. *See Smart Study Co., Ltd v. Shenzhenshixindajixieyouxiangongsi*, 164 F.4th 164, 170 (2d Cir. 2025). Plaintiffs concede this but argue that the Convention does not apply if the address of the person to be served is unknown. Dkt. 10 at 16–17. Even assuming that's right, Plaintiffs fail to make that showing here. Their supporting declaration provides little detail regarding their attempts to locate Defendants. *See* Dkt. 12. Plaintiffs attach a chart that they say shows that Defendants' addresses on Amazon are either not "complete and accurate physical address[es]" or "were not located in an area where any businesses potentially linked to the Defendants could reasonably be located." *Id.* ¶ 12. But the chart itself contains the same boilerplate remark for each address: "The exact address cannot be located, and no exact business information

can be found online." *See* Dkt. 15. And each entry also contains a Google Maps screenshot that seems to indicate that the address *can* be located.

Plaintiffs' request for expedited discovery to identify Defendants is also DENIED at this time. Defendants rely on *adMarketplace, Inc. v. Tee Support, Inc.*, 2013 WL 4838854, at *2 (S.D.N.Y. Sept. 11, 2013), where the court granted a motion for expedited discovery to help the plaintiff identify the defendants. But there, the plaintiff had "attempted to contact and identify the Defendants in myriad ways, including hiring an investigator." *Id.* at *1. Here, by contrast, it does not appear that Plaintiffs have even tried to contact Defendants (despite having email addresses associated with each Defendant, which they say are "a reliable mechanism for quickly providing notice to e-commerce store operators in similar cases," Dkt. 12 ¶ 9). So the Court will deny Plaintiffs' motion for discovery as well until they can show it's necessary and they've exhausted normal avenues.

If Plaintiffs make reasonable efforts to contact and serve Defendants but are unsuccessful, they can renew their motion in the future. But any renewed motion must make an individualized showing as to each Defendant, explaining the steps Plaintiffs have taken to identify and serve them, and demonstrating why the legal standards for the requested relief are satisfied.

SO ORDERED.

Dated: October 29, 2026
New York, New York

ARUN SUBRAMANIAN
United States District Judge